

Villanova University School of Law

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2003

# Pienkowski v. Higgins

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2658

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Pienkowski v. Higgins" (2003). *2003 Decisions.* Paper 490.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/490

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2658

_____

ALEXANDER B. PIENKOWSKI;
ELEANOR PIENKOWSKI,

Appellants

v.

FAITH LOUISE HIGGINS

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 00-cv-01736)
District Judge: Honorable James M. Munley

_____

Submitted Under Third Circuit LAR 34.1(a)
April 24, 2003

Before: SCIRICA, <u>Chief Judge</u>*, AMBRO and GARTH, <u>Circuit Judges</u>

(Opinion filed: June 3, 2003)

_____

OPINION

_____

* Judge Scirica succeeded to the position of Chief Judge on May 4, 2003.

AMBRO, Circuit Judge

We decide whether the District Court erred in finding that the parties did not enter into an oral contract and that Faith Higgins did not abuse a confidential relationship with Alexander and Eleanor Pienkowski or exercise undue influence over them. We hold that the District Court did not err and therefore affirm.

## I. Background

The Pienkowskis deeded 59 ½ acres of real property to Higgins on February 19, 1997. They claim that the property transfer was intended as consideration for an oral contract in which Higgins promised to care for their son, Alex, who is HIV-positive. Higgins counters that there was no such oral agreement and that the Pienkowskis gave her the land gratuitously. Shortly after the Pienkowskis transferred the property to Higgins, Higgins allegedly abandoned Alex. The Pienkowkis brought suit in District Court, alleging that (1) Higgins breached her oral contract with the Pienkowskis, (2) she fraudulently induced them to transfer the land to her, and (3) in so doing, she abused a confidential relationship and used undue influence. They seek the return of their property.

After a two-day non-jury trial, the District Court ruled in favor of Higgins. The Court held that there was insufficient evidence to prove the existence of Higgins' oral agreement to care for Alex. And even if there were such an agreement, because the deed by which the Pienkowskis conveyed the property to Higgins made no mention of it, the

2

parol evidence rule would bar evidence of the agreement. Finally, the Court rejected the Pienkowskis' claim that Higgins abused her confidential relationship with Alex and used undue influence on him to induce his parents to deed the land to Higgins. It found that the link between Higgins' purported undue influence on and abuse of her relationship with Alex, on one hand, and his parents' decision to deed the land, on the other, is too attenuated. While a plaintiff must prove that a confidential relationship exists between the grantor and the grantee, the Court concluded that the Pienkowskis did not do so.

## II. Jurisdiction and Standard of Review

The District Court exercised diversity jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. We review for clear error the District Court's finding that the parties did not enter into an oral contract. *See PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 510 (3d Cir. 1990). The presence of a confidential relationship is also a question of fact. As such, it too is reviewable for clear error. *Sheet Metal Workers, Local 19 v. 2300 Group, Inc.*, 949 F.2d 1274, 1278 (3d Cir. 1991).

## III. Discussion

The viability of Pienkowskis' breach of contract and fraudulent inducement theories depends upon the existence of an oral contract in which Higgins agreed to care for the Pienkowskis' son. There can be no breach of an oral contract if there is no agreement in the first instance. In this case, the Pienkowskis could have been induced

3

fraudulently to deed their land to Higgins only if she told them that she would care for Alex. The District Court found that Higgins did not orally agree to care for the Pienkowskis' son. Having reviewed the record, we agree. At trial, Higgins vigorously disputed the existence of an oral agreement and Mrs. Pienkowski put forth no evidence – other than her assertion that such an agreement existed – to support her claim that Higgins agreed to care for Alex in exchange for the land.

As to the Pienkowskis' abuse of a confidential relationship/undue influence claim, the District Court found that the Pienkowskis did not establish that the parties had a confidential relationship. And even assuming that such a relationship existed, they failed to prove that Higgins abused the relationship or exercised undue influence. We too find no record evidence suggesting that the Pienkowskis and Higgins had a confidential relationship, nor any evidence that their decision to transfer the land to Higgins was not freely and knowingly made. Indeed, the record reflects that the Pienkowskis deeded the land to Higgins at their son's instigation, not Higgins's.

\* \* \* \* \* \* \*

Whatever may have been the Pienkowskis' intent, the record lacks evidence sufficient to show it was mutual. In this context, we affirm.

By the Court,


 /s/ Thomas L. Ambro

Circuit Judge

5